IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGARDO MILLET-SANCHEZ

Plaintiff

v.                                    CIVIL NO. 96-2052 (JAG)

ACAA, et. al.

Defendants

## REPORT AND RECOMMENDATION

On February 12, 1999, the Court adopted Magistrate-Judge Aida M. Delgado's Report and Recommendation of August 27, 1998, and dismissed all of plaintiff Edgardo Millet Sánchez's claims against co-defendant Administración de Compensaciones por Accidentes de Automóviles ("ACAA"), except for the claim pursuant to Title II of the ADA. (See Dockets No. 20 and 22).[1]

Thereafter co-defendant ACAA filed several motions to dismiss: (1) Motion to Dismiss for Lack of Subject Matter Jurisdiction on October 6, 1999 (Docket No 36); (2) Motion to Dismiss the complaint, to Rule against Jury Trial and to Dismiss the Cross-Claim (Docket No. 37); Motion to Dismiss with prejudice and impose on Plaintiff Attorney's Fees (Docket No. 46); and Motion to Dismiss and /or for Summary Judgment on December 12, 2000. (Docket No. 93).

On March 14, 2000, plaintiff Millet filed a Motion for Leave to file and Amended Complaint (Docket No. 56), which was renewed on September, 8, 2000 (Docket No. 81). The amended complaint was filed on May 25, 2001 (Docket No. 127), after Judge García Gregory granted plaintiff's motion to file the amended complaint. (See Docket No. 126).

All dispositive pending motions in this case were referred for report and recommendation on June 29, 2001.[2] (Docket No. 133).

---

[1] A detailed description of the factual background of the case can be found in Magistrate Delgado's Report and Recommendation. (Docket No. 20).

[2] There are several Motions for Summary Judgment pending (Docket Nos. 67 and 94)



CIVIL NO.96-2052 (JAG)                    2

## MOTIONS TO DISMISS

As previously discussed, co-defendant ACAA has filed multiple motions to dismiss. The motions will be considered by the Court as Fed. R. Civ. P. 12(c) Motions for Judgment on the Pleadings, given that co-defendant ACAA filed an answer to the complaint on May 17, 1999 (Docket No. 28).[3] Defendant ACAA's Motion to Dismiss and/or for Summary Judgment (Docket No. 93), will be considered as a Motion to Dismiss because: (1) defendant ACAA has failed to comply with Local Rule 311.12[4] pertaining to summary judgment motions; and, (2) even though theoretically the Court could look at matters outside the pleadings to determine the jurisdictional prerequisites of a case, the only exhibit submitted by ACAA with its motion, is an excerpt of plaintiff's deposition which sheds no light on the jurisdictional issues of the case.[5]

"Federal Rule of Civil Procedure 12(c) allows a party, '[a]fter the pleadings are closed but within such time as not to delay the trial, [to] move for judgment on the pleadings.' In reviewing such a motion, the district court must accept all of the nonmoving party's well-pleaded factual

---

which have also been referred to the undersigned Magistrate Judge. For purposes of clarity, those issues will be discussed in a separate report and recommendation.

[3] Technically, the Court could also consider co-defendant's Motions under Fed. R. Civ. P. 12(h)(3), given that the main allegation in the Motion is that the Court lacks subject matter jurisdiction.

[4] Local Rule 311.12 serves as the anti-ferret rule in this District. See, e.g., Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Morales v. Orssleff's EFTE, 246 F.3d 32, 33-35 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Ruiz v. Caribbean Restaurants, Inc., 54 F.Supp.2d 97, 102 (D.P.R. 1999); Dominguez v. Eli Lilly & Co., 958 F.Supp. 721, 727 (D.P.R. 1997).

[5] The exhibit contained in co-defendant's Motion to Dismiss (Docket No. 93), has been submitted in an effort to establish that plaintiff Millet has failed to state a claim for which relief can be granted, given that there is some evidence which puts into question his status as a "qualified individual" under the ADA. Co-defendant ACAA already had an opportunity to bring a 12(b)(6) motion, which was granted for the most part by Magistrate-Judge Delgado in her Report and Recommendation of August 27, 1998. Inasmuch as there might still be an issue of wether or not plaintiff Millet is a "qualified individual" under the ADA is an inquiry better suited for summary judgment.

CIVIL NO.96-2052 (JAG)                                  3

averments as true and draw all reasonable inferences in [his] favor." <u>Feliciano v. State of Rhode Island</u>, 160 F.3d 780, 788 (1st Cir. 1998)(citing <u>Rivera-Gomez v. Adolfo de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1998)). Under Rule 12(c) judgment on the pleadings is not appropriate unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief. <u>See</u> <u>Feliciano v. State of Rhode Island</u>, 160 F.3d at 788 (citing <u>Santiago de Castro v. Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991)).

## TITLE II OF THE ADA

"Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' 42 U.S.C. § 12101 (b)(1). . . . Title II, the provision at issue [in this case], prohibits discrimination against persons with disabilities by 'public entities,' and is modeled on § 504 of the Rehabilitation Act, Pub.L. No. 93-112, 87 Stat. 355 (1973) (codified as amended in scattered sections of 29 U.S.C.). . . . In applying Title II, therefore, [the Court] rel[ies] interchangeably on decisional law applying § 504." <u>Parker v. Universidad de Puerto Rico</u>, 225 F.3d 1, 4 (1st Cir. 2000)(citing <u>Theriault v. Flynn</u>, 162 F.3d 46, 48 n. 3 (1st Cir. 1998); <u>Gorman v. Bartch</u>, 152 F.3d 907, 912 (8th Cir. 1998)). Even though "the language of Title II does not elaborate on the obligation [that] a public entity [has towards] an individual with a disability" when rendering its services and programs, a look at the regulations promulgated under Title II sheds some light as to some of the plausible duties that ACAA might have under the statute. <u>See</u>, <u>e.g.</u>, <u>Parker v. Universidad de Puerto Rico</u>, 225 F.3d at 5-6.

"To prove [that] a public program or service violate[d] Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability;' (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." <u>Weinreich v. Los Angeles County Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. ), <u>cert. denied</u>, 522 U.S. 971 (1997).

Defendant ACAA, in the multiple motions to dismiss, makes several arguments in support of the contention that plaintiff Millet's title II claims under the ADA warrant dismissal. The

CIVIL NO.96-2052 (JAG)                               4

arguments are: (1) that plaintiff Millet's ADA claim against ACAA is barred by virtue of Eleventh Amendment immunity; (2) that plaintiff Millet failed to make an allegation of intentional discrimination and that said allegation is necessary for the availability of compensatory damages; (3) that plaintiff Millet is not entitled to a jury trial; and, (4) that the ADA provides a 'safe harbor' for insurance activities.

### I. Eleventh Amendment Immunity

The Supreme Court has recently found that suits in federal court by state employees to recover money damages by reason of the state's failure to comply with the ADA are barred by the Eleventh Amendment. See Board of Trustees of the Univ. of Alabama v. Garett, 531 U.S. 356 (2001). See also Badillo-Santiago v. Andreu-Garcia, 167 F.Supp.2d 194 (D.P.R. 2001)(discussing the issue of Eleventh Amendment immunity relative to title II of the ADA in a suit involving the Commonwealth of Puerto Rico). Therefore, defendant ACAA makes the argument that Millet's ADA claim is barred by the Eleventh Amendment. (See Docket No. 93).

Defendant ACAA, however, neglects to address the fact of wether or not the agency (ACAA) is an alter ego or an arm of the state, and thus enjoy the privilege of immunity. ACAA, as the movant, has failed to present evidence showing that it indeed deserves the immunity it seeks. See, e.g., Rodriguez v. Nazario, 719 F.Supp 52, 57 (D.P.R. 1989). See also Aviles-Martinez v. Monroig, 963 F.2d 2, 7-8 (1st Cir. 1992)(detailing the factors to be considered by the Court when determining whether an entity is an alter ego of a state). Not only has defendant ACAA failed to bring forth proof of its alleged status as an alter ego of the state, but also, this Court has found at least one case in which ACAA has been found to be an independent entity not entitled to Eleventh Amendment immunity. See Aviles Martinez v. Jimenez Monroig, 1992 WL 448492, *3-5 (D.P.R. 1992).

CIVIL NO.96-2052 (JAG)                                    5

## II. Allegation of intentional discrimination, availability of compensatory damages, and jury trial

Defendant ACAA argues that Millet can not obtain compensatory damages under Title II of the ADA because he has not alleged 'intentional discrimination' on the part of ACAA. (See Dockets No. 37, 44 and 46). First, it is important to note, that the Court allowed plaintiff Millet' request for Leave to Amend the Complaint, and that the tendered amended complaint does include allegations of intentional discrimination. (See Dockets No. 126 and No. 127).

There exists case law in support of the proposition that plaintiff Millet may be entitled to compensatory damages as long as he can support an inference of discriminatory intent on the part of ACAA. See, e.g., Midgett v. Tri-County Metropolitan Transportation District of Oregon, 245 F.3d 846, 851 (9th Cir. 2001); Dorsey v. City of Detroit, 157 F.Supp.2d 729, 731-32 (E.D.Michigan 2001) (plaintiff entitled to trial by jury under title II of the ADA); Macy v. Saif Corp., 2000 WL 277164, *6 (D.Or. 2000). Furthermore, both compensatory damages and the right to a jury trial are available under § 504 of the Rehabilitation Act.[6] See James v. Peter Pan Transit Management, Inc., 1999 WL 735173 (E.D.N.C. 1999)(citing Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 832 (4th Cir. 1994)). See also, Moreno v. Consolidate Rail Corp., 99 F.3d 782, 789 (6th Cir. 1996); W.B. v Matula, 67 F.3d 484, 494 (3rd Cir. 1995);. Rodgers v. Magnet Cove Public Schools, 34 F.3d 642, 645 (8th Cir. 1994); Campos v. San Francisco State University, 1999 WL 1201809, *9 (N.D.Cal. 1999); Leo v. City of Stamford, 919 F.Supp. 70, 73-75 (D. Conn. 1995).

Because the allegations made by Millet in his amended complaint must be taken as true for purposes of a motion to dismiss, the Court, at this juncture of the proceedings, finds that plaintiff Millet has pleaded sufficient facts to sustain a claim for compensatory damages and the right to a jury trial under Title II of the ADA.

---

[6] Given that Title II if the ADA was modeled on § 504 of the Rehabilitation Act, Courts often rely on decisional law relative to § 504 when deciding Title II cases. See, e.g., Parker v. Universidad de Puerto Rico, 225 F.3d at 4.

CIVIL NO.96-2052 (JAG)                                             6

### III. Safe Harbor for Insurance

Defendant ACAA suggests that insurance activities, such as the ones provided by ACAA, are not covered by the ADA. (See Docket No. 93). True enough, Section 501(c) of Title V of the ADA, known as the "safe harbor" provision, exempts insurers from the regulatory scope of Titles I through III of the Act if they meet certain conditions. See 42 U.S.C. § 12201(c). The aforementioned section stands for the proposition that "the ADA shall not prevent insurers from 'underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law,' provided that this safe harbor 'shall not be used as a subterfuge to evade the purposes of [Titles] I [through III] of [the Act].'" Leonard v. Israel Discount Bank of New York, 199 F.3d 99, 103 (2nd Cir. 1999)( citing 42 U.S.C. § 12201(c)). However, Title V does not provide insurance companies with a blanket exclusion from the mandates of the ADA, but rather allows them to make the necessary classifications commonly done in the insurance business when underwriting risks without violating the ADA.

### CONCLUSION

In view of the aforementioned, this Court **RECOMMENDS** that defendant ACAA's Motions to Dismiss (Dockets Nos. 36, 37, 46 and 93) be **DENIED**.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objection must specifically identify the portion of the recommendation, or report to which objection is made and he basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F. 2d 22, 30-31 (1st Cir. 1992).

At San Juan, Puerto Rico this 13th day of December, 2001.

GUSTAVO A. GELPI
United States Magistrate-Judge